# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# IN ADMIRALTY

| | |
|---|---|
| GREAT LAKES INSURANCE SE | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case. No. |
| v. | ) |
| | ) |
| WAVE CRUISER LLC | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF GREAT LAKES INSURANCE (UK) SE'S
## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Plaintiff, GREAT LAKES INSURANCE SE, by and through its undersigned counsel, pursuant to 28 U.S.C. §2201, Rule 9(h) of the Federal Rules of Civil Procedure, and Rule A(4) of the Admiralty and Maritime Rules of the United States District Court for the Southern District of Florida, and for its Amended Complaint for Declaratory Judgment would respectfully state as follows:

## PARTIES, JURISDICTION, and VENUE

1. This is an action for declaratory relief pursuant to Title 28 of the United States Code, sec. 2201 et seq, in that a present controversy exists between the parties hereto in which the Plaintiff asks this Court to adjudicate and determine the rights of the parties to a contract of marine insurance which is in dispute.

2. Venue lies within the Southern District of Florida as this cause arises out of a policy of marine insurance delivered by Plaintiff to the Assured named therein, the Defendant, WAVE CRUISER LLC, alleged to be located at 5901 SW 81st Street, Miami, FL 33143.

1

3. This is an admiralty and maritime cause within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and this Court has subject-matter jurisdiction pursuant to Title 28 of the United States Code, §1333.

4. Plaintiff, GREAT LAKES INSURANCE SE, (hereinafter "GLI") is a corporation organized and existing under the laws of the United Kingdom, with its office and principal place of business located in the United Kingdom, in the City of London.

5. Upon information and belief, the Defendant WAVE CRUISER LLC (hereinafter "WAVE CRUISER") is a limited liability company incorporated in the State of Florida and with its office and principal place of business in the State of Florida.

6. Upon information and belief, Fernando Munilla (hereinafter "Munilla") is the manager and registered agent for WAVE CRUISER.

## FACTUAL ALLEGATIONS

7. On or about April 23, 2019, Defendant WAVE CRUISER submitted to Plaintiff GLI, via Defendant's agent, an application for a policy of marine insurance. Such a submission was a routine aspect of the Plaintiff's procedure for considering whether to agree to provide insurance coverage.

8. A true and correct copy of the said application form completed and signed by Munilla, and submitted to Plaintiff on or about April 23, 2019 by and on behalf of the Defendant by its agent is attached hereto as Exhibit 1.

9. The application requested three-hundred ten thousand dollars ($310,000.00) in first-party property damage coverage for a 2004 45' Viking vessel, hull ID VKY459081304, named "HOOKM". Ex 1.

10. Plaintiff agreed to issue its Policy No. CSRYP/175137, affording three-hundred ten thousand dollars ($310,000.00) in first-party property damage coverage for HOOKM against the risks detailed therein, based upon the representations set forth in, and the material information disclosed in, the application. A true and correct copy of Policy No. CSRYP/175137 (hereinafter "the Policy"), along with applicable endorsements, is attached hereto as Exhibit 2.

11. On or about June 16, 2019, during the period of coverage afforded under the Policy, HOOKM suffered catastrophic damage to its port engine.

12. Alliance Marine Risk managers, acting as agent for Defendant WAVE CRUISER, reported the loss to GLI on or about June 24, 2019.

13. Upon receipt of the first notice of the June 16, 2019 incident described herein, Plaintiff GLI caused an investigation to be made into the facts and circumstances surrounding the said incident.

14. The said investigation established that the catastrophic engine damage suffered by HOOKM's port engine was not caused by anything of a fortuitous nature and was not an event for which Plaintiff's policy of marine insurance would afford any coverage.

15. The said investigation established that the damage suffered by HOOKM's engines, mechanical components, and electrical components was not caused by an accidental external event and was not an event for which Plaintiff's policy of marine insurance would afford any coverage.

16. The said investigation established that the damage sustained by the insured vessel was caused by wear and tear, gradual deterioration, lack of maintenance, etc.

17. Notwithstanding the facts established by Plaintiff's said investigation, Defendant has made a claim against the Plaintiff under the terms of Policy No. CSRYP/175137 demanding payment for the damage suffered when HOOKM suffered catastrophic damage to its port engine.

18. Notwithstanding the facts established by Plaintiff's said investigation, Defendant has made a claim against the Plaintiff under the terms of Policy No. CSRYP/175137, demanding four-hundred ninety-five thousand dollars ($495,000.00), a sum which exceeds the Policy's first-party property damage coverage limit by one-hundred eighty-five thousand dollars ($85,000.00).

## FIRST CAUSE OF ACTION
### (Lack of Fortuity, Policy No. CSRYP/175137)

19. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 7 through 18 as if set forth fully herein.

20. Plaintiff's Policy No. CSRYP/157137 states, in pertinent part:

### 2. INSURING AGREEMENT

This is a legally binding insurance contract between you and us, incorporating in full the application signed by you. We will provide the insurance coverage described in this insuring agreement, in return for payment to us of the premium due and compliance by covered persons with the provisions, conditions and warranties of this insuring agreement.

### 3. Coverage A, Hull, Machinery, Equipment and Dinghy

If a sum insured is shown for Section "A" of the insuring agreement declarations page, we provide coverage for accidental physical loss of, or damage to the Scheduled Vessel which occurs during the period of this insuring agreement and within the limits set out in the insuring agreement declarations page, subject to the insuring agreement provisions, conditions, warranties, deductibles and exclusions.

21. The incident in which the Defendant's vessel sustained damage on June 16, 2019 does not constitute an accidental physical loss for which coverage would be afforded under the express terms and provisions of Plaintiff's policy of marine insurance.

22. Notwithstanding the lack of any coverage under Plaintiff's policy of marine insurance, Defendant has made demand upon Plaintiff for payment of an amount equal to the full insured value of the vessel insured under the said terms of the said policy of marine insurance.

23. As a result of the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/175137. Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

24. As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policies of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

**SECOND CAUSE OF ACTION**
**(Exclusion for Wear and Tear, etc., Policy No. CSRYP/175137)**

25. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 7 through 318as if set forth fully herein.

26. Plaintiff's Policy No. CSRYP/157137 states, in pertinent part:

Exclusions to Coverage A

> Unless specifically agreed by us in writing and additional premium charged the following losses and/or damages (whether incurred directly or indirectly) are not covered by this insuring agreement:
>
> ******
>
> b) Losses due to wear and tear, gradual deterioration, lack of maintenance, inherent vice, weathering, insects, mould, animal and marine life.

27. The incident in which the Defendant's vessel sustained damage on June 16, 2019 was due to wear and tear, gradual deterioration, lack of maintenance, etc., for which coverage is excluded under the express terms and provisions of Plaintiff's policy of marine insurance.

28. Notwithstanding the lack of any coverage under Plaintiff's policy of marine insurance, Defendant has made demand upon Plaintiff for payment of an amount equal to the full insured value of the vessel insured under the said terms of the said policy of marine insurance.

29. As a result of the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/175137. Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

30. As a result of the Defendant's demands for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policy of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

**THIRD CAUSE OF ACTION**
**(Exclusion for Damage to Engines, Etc., Policy No. CSRYP/175137)**

31. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 7 through 18 as if set forth fully herein.

32. Plaintiff's Policy No. CSRYP/157137 states, in pertinent part:

Exclusions to Coverage A

Unless specifically agreed by us in writing and additional premium charged the following losses and/or damages (whether incurred directly or indirectly) are not covered by this insuring agreement:

******

r) Damage to the Scheduled Vessel's engines, mechanical and electrical parts, unless caused by an accidental external event such as a collision, impact with a fixed or floating object, grounding, stranding, ingestion of a foreign object, lightning strike or fire.

33. The damage to HOOKM's engines, mechanical parts, and electrical parts suffered on June 16, 2019 was not caused by an accidental external event such as a collision, impact with a fixed or floating object, grounding, stranding, ingestion of a foreign object, lightning strike or fire.

34. Notwithstanding the lack of any coverage under Plaintiff's policy of marine insurance, Defendant has made demand upon Plaintiff for payment of an amount equal to the full insured value of the vessel insured under the said terms of the said policy of marine insurance.

35. As a result of the aforesaid lack of coverage under the terms of the terms of the policy attached hereto, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of Policy No. CSRYP/175137. Until such time as the Plaintiff is able to have its rights and responsibilities under the marine

insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said policy.

36. As a result of the Defendant's demand for payment under the terms of the policy of marine insurance attached hereto, and as a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policy of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

WHEREFORE, Plaintiff demands judgment from the Court:

(A) Declaring that Plaintiff's Policy No. CSRYP/175137 does not afford coverage to the Defendant for the incident of June 16, 2019 in which the insured vessel suffered damage to its port engine;

(B) Declaring that neither the incident of nor the damage resulting from the incident of March 9, 2016 constitute an accidental physical loss;

(C) Declaring that coverage for the incident of June 16, 2019 is excluded under the terms of clear and unambiguous exclusions set forth in Plaintiff's Policy No. CSRYP/175137;

(J) Declaring that the costs of this action be taxed against the Defendant; and

(K) Any and all such other and further relief as the Court may deem proper and appropriate in the premises.

Dated: January 29, 2020

Fort Lauderdale, Florida
GOLDMAN & HELLMAN
Attorneys for Defendant
8751 W. Broward Boulevard
Suite 404
Fort Lauderdale, Florida 33324
Tel (954) 356-0460
Fax (954) 832-0878

By: /s/ Jacqueline L. Goldman
JACQUELINE L. GOLDMAN, ESQ.
FLA. BAR NO. 1005573

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 29, 2020 a true and correct copy of the foregoing, along with a summons and request for waiver of service of process, is being served on the following Defendants by United States First Class Mail:

Ciao Bella II, LLC
900 Hillsboro Mile
Hillsboro Beach, FL 33062

Respectfully submitted January 29, 2020.

GOLDMAN & HELLMAN
Attorneys for Defendant
8751 W. Broward Boulevard
Suite 404
Fort Lauderdale, Florida 33324
Tel (954) 356-0460
Fax (954) 832-0878

By: /s/ Jacqueline L. Goldman
JACQUELINE L. GOLDMAN, ESQ.
FLA. BAR NO. 1005573